UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 8-173-B-W |
| | ) |
| DAVID C. CARLSON, | ) |
| | ) |
| Defendant | ) |

**PRELIMINARY REVIEW OF EVIDENTIARY ISSUE**

This matter was brought to my attention late yesterday afternoon by the clerk's office who advised me that the AUSA handling this case wanted to have a telephonic conference with the trial judge before the close of business on Friday, September 25, 2009, concerning a preliminary evidentiary ruling. The clerk advised counsel that such a conference would be impossible because the trial judge was out of the country and would not be returning until Monday. The clerk had been able to notify the trial judge of the problem and he indicated that any motion that was filed should be referred to the magistrate judge in his absence for an advisory/preliminary ruling. At 11:31 a.m. on September 25, 2009, I received notification that the United States had filed a motion for a preliminary ruling under Federal Rule of Evidence 104 (Doc. No. 75). In anticipation that such a motion was going to be filed I instructed the clerk's office to contact defendant's attorney in order to obtain a prompt response. I am advised that defendant's attorney is traveling to and in attendance at a funeral in New York State today and that his office did not believe he was available for a telephone conference before the close of business on Friday, September 25, 2009.

Having now reviewed the United States' motion, I conclude that there is no need for a telephone conference. I am not the trial judge and cannot rule about the ultimate admissibility of

bank records under Federal Rules of Evidence Rule 803(6), the hearsay exception for records of regularly conducted activities.  However, for what it is worth, it seems to me passing strange to think that relevant, properly authenticated banks records, such as those described in the United States' motion, would not fall within the exception.  Of course, I reiterate that I can make no ruling about the ultimate admissibility of the exhibits.

I do emphasize, however, that before any certified records can be admitted under Rule 803(6), the foundational requirements of Rule 902(11) of the Federal Rules of Evidence must be met or else, under the plain language of Rule 803(6),  the custodian or other qualified person must testify.   Because the United States has not submitted the written declarations of the custodians or other qualified persons, I have no way to determine if the proposed exhibits actually comply with the requirements of Rule 902(11)(A),(B) &(C).   The United States' motion does offer to make the "certificates" and records available for the Court's review.  According to the United States' motion, defendant's counsel received both the business records and the accompanying written declarations made by qualified persons during discovery.  I have no idea whether or not the prosecution has or has not sufficiently complied with the final paragraph of Rule 902(11) pertaining to written notice of its intent to rely upon the written declarations at trial.[1]  Defendant's counsel would have to be heard before such a determination could be made by me.

I note that the United States has phrased the motion as arising because "[t]o date, Defendant has declined to enter into stipulations concerning the authenticity of the records." (Mtn, Doc. No. 75 at 1).   Nothing in the rules conditions admissibility of properly authenticated business records under the hearsay exception upon a stipulation of the parties.  I do not

---

[1]      I do note that on the civil side, District of Maine Local Rule 44 addresses the timing issues associated with use of certified records and they are governed by the terms of the scheduling order.  I do not know of a similar procedure under the criminal rules.

understand how defendant's counsel's failure to stipulate to anything weighs into the admissibility calculus.

Based upon my review of the record presented to me, my recommendation/advisory opinion on this issue is that the subject banks records, if relevant to a material issue in the criminal trial, would be admissible under Rule 803(6), as an exception to the hearsay rule. However, before the records could be admitted without testimony from the custodian or other qualified person, the Court would have to satisfy itself that the written declarations complied with Rule 902(11)(A),(B), & (C) and that the prosecution had provided adequate notice to defendant's counsel that it intended to rely upon those declarations. I agree with the United States that nothing in the recent Supreme Court decision of <u>Melendez-Diaz v. Massachusetts</u>, __ U.S. __, 129 S.Ct. 2527 (June 25, 2009) changes the analysis of the Rule 803(6) hearsay exception as it would apply to the regularly conducted business of a banking institution.

September 25, 2009                    /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge